IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILSON JAMES, ) | CASE NO. 5:07 CV 2646 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| STUART HUDSON, WARDEN, ) | Magistrate Judge George J. Limbert |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert. The Report and Recommendation (Document #13) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DENIED.

The procedural history of this case, as set forth by the Magistrate Judge, is as follows:

On September 27, 2004, Adam Smith was at a home located at 1455 Ohio Ave., N.E., Canton, Stark County, Ohio with Matthew Bacorn, Zachary Bacorn, Christian James, Darius James and several other individuals. Christian and Darius James are appellant's sons. Sometime that evening, Smith and Christian got into a verbal disagreement wherein Christian threatened to stab Smith and Smith countered by threatening to choke Christian. (2T. at 174-75); 206). At no time did the argument become physical. During the argument, Christian called appellant and told him tocome pick him up because Smith had threatened him. (2T at 208; 218; 244-45; 332; 333). While talking with his son, appellant was angry and yelling. (2T. at 333; 348; 350).

When Christian got off of the phone, he told Smith, "My dad is coming to take

The procedural history of this case, as set forth by the Magistrate Judge, is as follows:

### A. State Trial Court

On November 1, 2004, the Stark County Grand Jury returned an indictment against Petitioner charging him with Aggravated Murder in violation of Ohio Revised Code (O.R.C.) § 2903.01(A) with a Firearm Specification. ECF Dkt. #9-3.

On February 14, 2005, Petitioner proceeded to a jury trial. ECF Dkt. #9-7. At the conclusion of the trial, the court instructed the jury on Aggravated Murder with a Firearm Specification, and the lesser included offenses of Murder and Negligent Homicide. ECF Dkt. #9-11 at 433-444. When the court asked counsel whether they were satisfied with the jury instructions as read, or whether they wished to alter the instructions or add any others, counsel for both parties responded in the negative. *Id.* at 444-445, 447. On February 16, 2005, the jury found Petitioner not guilty of Aggravated Murder, but guilty of Murder with a Firearm Specification. *Id.* at 471-473; ECF Dkt. #9-5.

On February 24, 2005, the trial court issued its sentencing entry finding Petitioner guilty of Murder with a Firearm Specification and sentencing him to fifteen years to life imprisonment, with a mandatory consecutive term of three years for the Firearm Specification, for an aggregate of 18 years to life imprisonment. ECF Dkt. #9-6 at 2-3.

### B. Ohio Court of Appeals

On March 16, 2005, Petitioner, through different counsel, filed a notice of appeal from his conviction. ECF Dkt. #9-12. Petitioner raised the following three assignments of error:

> ASSIGNMENT OF ERROR I
>
> APPELLANT'S CONVICTION FOR MURDER WITH A FIREARM SPECIFICATION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. (TR. AT 154-391).
>
> ASSIGNMENT OF ERROR II
>
> IT WAS PLAIN ERROR FOR THE TRIAL COURT TO FAIL TO INSTRUCT THE JURY ON THE DEFENSE OF ACCIDENT. (TR. AT 424- 460).

> ASSIGNMENT OF ERROR III:
>
> APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO REQUEST IN WRITING AND/OR FAILING TO OBJECT WHEN THE TRIAL COURT FAILED TO INSTRUCT ON THE DEFENSE OF ACCIDENT. (TR. AT 459-461).

ECF Dkt. #9-13. On January 23, 2006, the Ohio Court of Appeals for the Fifth Appellate District affirmed Petitioner's conviction. ECF Dkt. #9-15.

### C. Supreme Court of Ohio

On March 9, 2006, Petitioner, through new counsel filed a notice of appeal from the Fifth District Court of Appeals' judgment affirming his conviction. ECF Dkt. #9-22. In his memorandum in support of jurisdiction, Petitioner asserted two propositions of law:

> **Proposition of Law No. I**: A trial court commits plain error when it fails to properly instruct the jury on relevant defenses.
>
> **Proposition of Law No. II**: Trial counsel is ineffective when counsel fails to request that jury instructions be given on the defense of accident when the facts support such an instruction.

ECF Dkt. #9-23. On June 7, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #9-26.

### D. Ohio Appellate Rule 26(B) motion

On April 27, 2006, while his appeal to the Ohio Supreme Court was pending, Petitioner pro se filed a motion to reopen his direct appeal pursuant to Rule 26(B) of the Ohio Rules of Criminal Procedure. ECF Dkt. #9-16. Petitioner asserted that his appellate counsel failed to protect his Sixth Amendment right to the effective assistance of counsel by not raising the ineffectiveness of his trial counsel, who failed to request a jury instruction on accident and failed to raise issues relating to hearsay. *Id.* Petitioner also contended that appellate counsel acted ineffectively in failing to raise the issue of prosecutorial misconduct. *Id.*

On July 13, 2006, the Fifth District Court of Appeals granted Petitioner's Rule 26(B) motion and ordered the State of Ohio to respond to the motion. ECF Dkt. #9-19. The State of Ohio filed its response and on August 22, 2006, the appellate court denied Petitioner's motion to reopen. ECF Dkt. #9-20, #9-21.

### E. Federal Habeas Corpus Petition

On August 31, 2007, Petitioner, through new counsel, filed the instant petition seeking relief from his state court conviction. ECF Dkt. #1. Petitioner presents the following ground for relief:

I. A defendant is deprived of his Sixth Amendment right to effective assistance of counsel when counsel fails to request that jury instructions be given on the defense of accident when the facts support such an instruction.

*Id.* at 10. In his supporting facts, Petitioner notes that counsel was ineffective by not requesting in writing instructions on the defense of accident and by not objecting to the trial court's omission of this instruction. *Id.*

On December 3, 2007, Respondent filed a return of writ. On February 11, 2008, Petitioner, through counsel, filed a traverse. ECF Dkt. #12.

On September 11, 2008, the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge found no merit to Petitioner's sole ground for relief and found the appellate court's application of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to be reasonable. Petitioner asserts that his counsel was ineffective in failing to request jury instructions on the defense of accident and by not objecting when the court failed to issue such an instruction. The appellate court determined that Petitioner could not meet the prejudice prong of the *Strickland* standard, because an instruction on accident would have been inconsistent with defense counsel's chosen strategy that the shooting was a negligent homicide.

No objections to the Report and Recommendation were filed.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b)(3) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## Conclusion

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Limbert as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Limbert (Document #13) in its entirety. Petitioner's Petition for Habeas Corpus pursuant

to 28 U.S.C. § 2254 is hereby DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *September 30, 2008*